*Rulison, Morris, Sawyer & Rose,* for the relator.

*Thos. H. Darby,* contra.

---

## WARRANTY THAT CHATTELS ARE OF A MERCHANTABLE CHARACTER.

[Circuit Court of Lucas County.]

Frank J. Manton et al v. John H. Perry.

Decided, October, 1906.

*Sales of Chattels—Implied Warranty of—Acceptance of and Payment Made—Without Opportunity for Inspection—Remedy of Purchaser —Rights of Vendor.*

Under an implied warranty of fitness, it is the duty of the buyer of goods to notify the seller of any defective condition immediately upon discovery. Hence, where the buyer of a car load of cabbages accepts the same, pays the price, and later, on discovering the cabbages to be frozen, stops payment of his check but sells a large part of the cabbages, he can not afterwards set up an implied warranty that the cabbages should be marketable, as a basis for an action for the return of the purchase price, as by his retaining and selling part he waived his rights under the warranty.

Wildman, J.; Parker, J., and Haynes, J., concur.

Error to Lucas Common Pleas Court.

This is a case in which the original action was brought before a justice of the peace, by the present plaintiffs in error, for damages resulting from what is claimed to be a breach of an implied warranty that certain cabbages purchased by Manton Brothers from Perry, defendant in error, were merchantable.

The case was tried before a jury, and after the introduction of the plaintiffs' testimony, was arrested from the jury and a

verdict directed to be given for the defendant.  The cabbages had been received by the Manton Brothers and paid for by them—as they claim—without an opportunity to make an inspection of them when received; that it was not until after they had made payment by drawing a check upon a bank, that they were suffered to take the cabbages from the car and inspect them; and it was then that they discovered that they were frozen and brought suit for a return of the purchase price.

In the case of *The Bowman Lumber Company* v. *Anderson,* 70 O. S., 16, the syllabus is as follows:

"By an executory contract for the sale and delivery of chattels of a described grade or quality, the seller becomes bound to deliver goods of the character described, but in the absence of express terms of warranty no obligation is imposed upon him which survives the acceptance by the purchaser of an article delivered by the seller in good faith as in the performance of the contract, if the acceptance is with full knowledge of all the conditions affecting the character and quality of the article."

The issues and the evidence in support thereof all cluster about the main question as to whether the plaintiffs, in the receiving of the cabbages and in their subsequent holding and treatment of them, waived any claim which they might have for damages by reason of their impaired value in their frozen condition.  The court below in arresting the case from the jury relied upon the case which I have just cited, *Bowman Lumber Company* v. *Anderson, supra;* and we think the court was justified in so doing.

The Manton Brothers received these cabbages, and perhaps at the time when they took them out of the car, had no opportunity for such inspection as to enable them to guard themselves against any mistake.  It may be that they were not then compelled to determine whether they would or would not waive any claims by reason of the defective condition of the cabbages.  But it appears that after they discovered the defective condition of the cabbages, they stopped payment upon their check and subsequently made sale of a large part of the cabbages, without stopping to claim as upon an express warranty against the

seller for the difference between the agreed price and the actual value of the cabbages when received, treating that as the measure of their damage.

This we think they could not do. We think that before their disposition of the cabbages or any part of them, they should have notified the seller of their claim that the cabbages were defective. They had then made full inspection, and if they retained the possession of the property and sold and made disposition of it, they waived any claim which they might have had for damages by reason of the frozen condition of the cabbages. It was their duty at that time to notify the seller of the condition of the cabbages, so that he might reclaim them and restore the purchase price and himself sell them in his own market, if he saw fit, and for such price as he might obtain therefor. We think that the reasoning of the trial judge which has been handed up to us in his reported opinion is sound, and that the judgment which he rendered thereon after instructing the jury to return a verdict for the defendant should be affirmed, and it is so ordered.

*John P. Manton,* for plaintiffs in error.

*Harry W. Lloyd* and *George F. Wells,* for defendant in error.